BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
PATRICK DELAHUNTY (CABN 257439)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5045
FAX: (408) 535-5066
Email: Jeff.nedrow@usdoj.gov
Email: Patrick.delahunty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VILASINI GANESH, <br><br> Defendant. | CASE NO. CR 16-00211-LHK <br><br> UNITED STATES' MOTION FOR INQUIRY RE: DEFENDANT'S WAIVER OF PRIVILEGE WITH RESPECT TO DEFENSE COUNSEL'S TESTIMONY AT COMPETENCY HEARING <br><br> Date: August 10, 2017 <br> Time: 10:00 a.m. <br> The Hon. Lucy H. Koh |

## I.    INTRODUCTION

This case is set before the Court for a competency hearing on August 10, 2017. The government files the instant motion for the purpose of requesting that the Court conduct a pre-hearing inquiry with the defendant and her counsel to clarify the scope and nature of the anticipated testimony of Mr. Daniel Horowitz at the hearing, and confirming the defendant's waiver of privilege, and informed consent, with respect to that testimony. As Mr. Horowitz is counsel for defendant Dr. Vilasini Ganesh, the government believes that a waiver from the defendant is prudent prior to the Court considering testimony from Mr. Horowitz, for the reasons outlined below.

## II. FACTS

This matter is set for trial on October 23, 2017. On June 28, 2017, this Court conducted a status hearing following the receipt of a report outlining the results of a mental health examination of Ganesh completed by Dr. Anna Glezer pursuant to an order of the Court. The Court scheduled a hearing to take evidence on the question of Ganesh's competency for August 10, 2017. At the June 28, 2017 hearing and in subsequent e-mails, Mr. Daniel Horowitz, has stated that he may testify at the competency hearing regarding his observations of Ganesh.

## III. ARGUMENT

**The Government Respectfully Requests That The Court Determine The Scope of Mr. Horowitz's Proposed Testimony, And Confirm That The Defendant Will Waive Privilege Issues, and Provide Informed Consent, Prior to Mr. Horowitz's Testimony**

The government acknowledges the importance of the Court receiving all available evidence in making the important determination of whether the defendant is competent to stand trial. The government further appreciates that the testimony of Mr. Horowitz may be helpful to the Court's decision-making process. The government is also not aware of any provision in federal law, or with the State Bar of California, that expressly precludes Mr. Horowitz from testifying regarding his general observations of Ganesh's behavior. Accordingly, the government does not object to Mr. Horowitz's testimony so long as it does not compromise the defendant's defense, and so long as the defendant is prepared to making a knowing, voluntary waiver on the record of any loyalty or confidentiality concerns prior to Mr. Horowitz's testimony.

The government submits that a waiver of any privilege concerns is imperative prior to Mr. Horowitz's proposed testimony. The government is concerned about the tension between Mr. Horowitz providing the Court with a candid overview of his observations of Ganesh and the possible disclosure of privileged and/or confidential client information. Disclosing privileged information regarding the defense, or disclosing confidential client information, risks violating the attorney's legal and ethical obligations. Such disclosures might also do irreparable harm to the defense. The general rule, of course, is that the defense may not disclose privileged or confidential client information, and the applicable California State Bar rule contains no exception for competency hearings. See Cal. R. Prof'l

Conduct 3 100(A) & (B) (permitting disclosure of confidential client information only where the client consents or the lawyer "reasonably believes the disclosure is necessary to prevent a criminal act that the member reasonably believes is likely to result in death of, or substantial bodily harm to, an individual"). The government submits that it is critical that all parties clearly understand whether the attorney-client privilege and/or the attorney's duty of confidentiality will preclude or limit Mr. Horowitz's proposed testimony, and whether Mr. Horowitz's proposed testimony may affect the applicability of the attorney-client privilege and/or the attorney's duty of confidentiality on cross-examination and in future proceedings.

Accordingly, the government respectfully recommends that the Court conduct an inquiry with the defense prior to Mr. Horowitz's testimony. The government believes that Mr. Horowitz should be required to provide a proffer that clearly states the parameters of his proposed testimony. The government further respectfully requests that the Court then conduct an inquiry with the defendant and confirm that she is personally providing informed consent, and a knowing, voluntary waiver, to the scope of the testimony anticipated by Mr. Horowitz. The government further respectfully requests that the inquiry include confirming that the defendant is comfortable with this course of action, to ascertain that Mr. Horowitz's approach is consistent with the defendant's preferences and Mr. Horowitz's duty of loyalty to his client. This latter inquiry is necessary to confirm that the client defendant supports Mr. Horowitz providing his views on the defendant, and will not view his testimony as adverse to her interests.

The government's objective in raising these concerns is to protect the defendant's legal rights and the integrity of the proceedings from appeal or collateral attack by the defendant. If the court concludes that the defendant has provided knowing, informed consent to Mr. Horowitz's testimony, and a waiver of all applicable privileges, the government will not object to Mr. Horowitz's testimony on the question of his client's competence.

//
//
//
//

3

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court conduct an inquiry of counsel and the defendant, and confirm the existence of the defendant's knowing waiver of all applicable privileges and her informed consent for Mr. Horowitz to testify, before permitting Mr. Horowitz to testify at the scheduled competency hearing in this case.

DATED: July 27, 2017					Respectfully Submitted,

							BRIAN J. STRETCH
							United States Attorney

							 */s/*
							JEFFREY NEDROW
							PATRICK R. DELAHUNTY
							Assistant United States Attorney