Pages 1 - 30

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE NATHANAEL COUSINS, MAGISTRATE JUDGE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 5:16-cr-00211-LHK |
| | ) | |
| VILASINI GANESH, | ) | |
| | ) | |
| Defendant. | ) | San Jose, California |
| _____ | ) | Monday, August 21, 2017 |


### TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING OF PROCEEDINGS

FTR 1:51 p.m. - 2:29 p.m. = 38 minutes


**APPEARANCES**:


For Plaintiff:          BRIAN STRETCH, ESQ.
                        United States Attorney
                        150 Almaden Boulevard, Suite 900
                        San Jose, California  95113
                  BY:   **PATRICK DELAHUNTY**
                        Assistant United States Attorney


For Defendant:          **DANIEL A. HOROWITZ,** Attorney at Law
                        P.O. Box 1547
                        Lafayette, California  94549


ALSO PRESENT:  Kim Do, Pretrial Services Officer


Transcribed by:         Leo T. Mankiewicz, Transcriber
                        leomank@gmail.com
                        (415) 722-7045

1    <u>Monday, August 21, 2017</u>

2                                                      1:51 p.m.

3                    P R O C E E D I N G S

4              (Defendant present in court.)

5         **THE CLERK:**  Calling criminal 16-0211-1, United

6    States versus Vilasini Ganesh.

7         **MR. HOROWITZ:**  Good afternoon, your Honor.  Daniel

8    Horowitz here with Dr. Ganesh.

9         **THE COURT:**  Good afternoon.

10             Good afternoon, Dr. Ganesh.

11        **MR. DELAHUNTY:**  Good afternoon again, your Honor.

12   Patrick Delahunty for the United States.

13        **THE COURT:**  Good afternoon.

14        **PRETRIAL SERVICES OFFICER:**  Good afternoon, your

15   Honor.  Kim Do of Pretrial Services.

16        **THE COURT:**  Good afternoon.  All right, this matter

17   is on for the arraignment on the superseding indictment of

18   Dr. Ganesh.

19        **MR. HOROWITZ:**  Your Honor, may I interrupt?

20        **THE COURT:**  Yes.

21        **MR. HOROWITZ:**  I thought that you were putting that

22   off until after the competency hearing, that this was just a

23   check-in.

24        **THE COURT:**  That's what we have to discuss.  We

25   brought that up last time when she wasn't here and I wanted to

1    see what your position was, not knowing what might have

2    occurred between the last time and today --

3         **MR. HOROWITZ:**  I'm so sorry.

4         **THE COURT:**  -- that's all right -- as well as to

5    check in on Dr. Ganesh's resubmissions.

6         And Dr. Ganesh, we had an appearance last week

7    without you, and substantively, we didn't discuss anything

8    other than setting a further date for today, noting that there

9    was an ongoing competency proceeding before Judge Koh.

10        And Mr. Horowitz, you anticipated my next question,

11   which is, what do you want to do about the entry of a plea on

12   the superseding indictment?

13        **MR. HOROWITZ:**  I don't think it changes our trial

14   schedule at all, and I think the wise point you made last time

15   was, why risk having somebody who's not competent enter a plea

16   that might not be valid.

17        **THE COURT:**  All right, and do you think there's any

18   utility here in open court in reviewing with her what the

19   charges are, or not?

20        **MR. HOROWITZ:**  I don't think so.  I think that's one

21   of the issues at the hearing.  I realize also, she could say

22   "guilty," and we can't accept a guilty plea from an incompetent

23   person, so, and we don't.

24        **THE COURT:**  And you do have a copy of the

25   superseding indictment.

1          **MR. HOROWITZ:**  I do, I do.

2          **THE COURT:**  Thank you.  So what I'm going to do is,

3     there are issues from the Speedy Trial Act that are implicated

4     by entry of a plea and the timing of that, but I think those

5     are superseded by the competency proceeding.  So I don't think

6     there's going to be -- my assessment is there's no prejudice to

7     be caused to a party by delaying the entry of a plea till the

8     conclusion of the competency proceeding.

9          **MR. HOROWITZ:**  That's my genuine belief.

10          **THE COURT:**  Do you disagree?

11          **MR. DELAHUNTY:**  I think that's right, your Honor.

12     I, just in an abundance of caution, would move anyway to

13     exclude time on the basis of defense preparation, only because

14     the motion that arguably stops the clock, which is for the

15     competency hearing, was filed by the government and not the

16     defendant.

17          **THE COURT:**  And when -- as to the ending of that

18     time period that ended when you filed your motion, isn't that

19     going to continue until the end of the competency proceeding?

20          **MR. DELAHUNTY:**  I would think so, your Honor.  What

21     I'm unclear about is whether the clock stops on the

22     government's motion, which is why I'm asking for a finding

23     today that time should be excluded on the basis of defense

24     preparation for the superseding indictment.

25          **THE COURT:**  And from what date to what date?

1              **MR. DELAHUNTY:**  Should it start October 23rd, the

2       trial date?

3              **MR. HOROWITZ:**  Right, I think that's fair, and I can

4       even sort of help by saying, I'm representing to the Court --

5       and counsel may or may not agree -- that I'm having trouble

6       preparing given the client's mental condition.  So I need

7       additional time to prepare.

8              **THE COURT:**  All right, and that will be through

9       October 23rd, you say?

10             **MR. DELAHUNTY:**  Yes, your Honor.

11             **THE COURT:**  All right.  I'll exclude time on the

12      Speedy Trial Act from today, August 21st, through October 23rd

13      for the effective preparation and continuity of counsel, given

14      the representation by the defense, as well as by the ongoing

15      motion practice before Judge Koh, and given the needs of

16      justice.

17             Dr. Ganesh is presumed innocent, and technically

18      I think we could enter a not guilty plea on her behalf even if

19      she weren't competent, but I see no reason not to wait until

20      that process is concluded we can pursue a turn, if necessary,

21      to more formally enter a plea.

22             All right, next issue is just an update on the

23      conditions of release and how Dr. Ganesh is doing.  And again,

24      my purpose is not to move ahead of the competency proceedings

25      or interfere with the competency proceedings or to puncture

1    some privilege that might be asserted in those proceedings.

2    It's really just to see if there's any modification of

3    conditions that should -- any changes that we should make as

4    the proceedings go along.

5         Officer Do, any new information that you have to

6    report to the parties as to how Dr. Ganesh is doing?

7         **PRETRIAL SERVICES OFFICER:**  Since the last I was in

8    here, the defendant has been compliant with her conditions of

9    release as instructed, every Wednesday, and instructed

10   originally by Supervisor Lew.  So she hasn't had an issue with

11   complying with that part of her conditions, with the reporting

12   as instructed.

13        She does a pretty good job at keeping me up to date

14   with her status, on the last week before she missed her

15   competency hearing.  She did call to check in on the Wednesday

16   and advised that she was going in for a checkup at the

17   hospital.  It appears that later that evening she was checked

18   into the hospital, (inaudible) she did not make it to her court

19   appearances on the date before Judge Koh, your Honor.

20        And then defendant did check in last week, as well,

21   to apologize, and she advised she had documentation from the

22   hospital indicating about her hospitalization.  I have not

23   gotten those yet, but I did tell her wait until today to bring

24   them for me.

25        Otherwise, in regards to her current conditions of

1    release, she has not been in violation of any of them.

2              **THE COURT:**  All right, thank you.

3              I see Mr. Horowitz is going through a bag, for

4    dramatic introduction of some papers.

5              **MR. HOROWITZ:**  Let's see.  Is this it?  I'm sorry,

6    I'll give it to you.

7              **THE COURT:**  Mr. Horowitz, anything to add from your

8    knowledge about how Dr. Ganesh is doing as to conditions of

9    release?

10             **MR. HOROWITZ:**  No, I actually saw the medical

11   records of the day that she didn't appear and can show that she

12   was admitted to the hospital.  So I saw that.

13             **THE COURT:**  And you're going to provide some

14   additional documentation to Pretrial?

15             **MR. HOROWITZ:**  Yes.

16             **THE COURT:**  All right.  Are there any modifications,

17   Mr. Horowitz, that you recommend?

18             **MR. HOROWITZ:**  No, your Honor.  Thank you.

19             **THE COURT:**  All right, Mr. Delahunty, what are your

20   thoughts?

21             **MR. DELAHUNTY:**  Thank you, your Honor.  First of

22   all, I'd like a copy of those documents if they're being

23   provided to Probation.  I'm not going to comment on what

24   happened last week until we've seen those.

25             The government's ongoing concern in this case is

1    that there's a practicing physician in this district who has

2    claimed that she's mentally incompetent, so much so that she

3    cannot understand basic charges and is legally insane, and

4    has -- which means she thinks she is insane for the last six

5    years, and is still continuing to practice medicine and treat

6    patients.

7              We've kind of been going on this issue for, like,

8    three or four months, your Honor, and I still feel from the

9    government's perspective I don't have clarity as to how much

10   Dr. Ganesh is practicing medicine.

11             My understanding, based upon representation outside

12   of this context, is that she is continuing to see patients.

13   I don't have a request until I know how much Dr. Ganesh is

14   seeing patients.

15             So one thing I'd like, before addressing that, is --

16   does any -- I guess I'd like to know, is Dr. Ganesh still

17   seeing patients?  Is she still practicing?

18             **THE DEFENDANT:**  Medical leave of absence.

19             **THE COURT:**  And Dr. Ganesh, I want to caution you,

20   and Mr. Horowitz, to give you a chance too, that anything that,

21   Dr. Ganesh, anything you say here can be used against you, and

22   you've got an ongoing proceeding, and so there's some risk that

23   something, either the one on the merits of the case, could be

24   detrimental to your interests.  So the best approach is to

25   confer with Mr. Horowitz, and I'll allow you at any moment to

1    speak with him, so that you can have a confidential

2    conversation.

3              Mr. Horowitz, do you want to confer with her?

4              **MR. HOROWITZ:**  No, I know everything.

5              **THE COURT:**  All right, and you want to respond to

6    that?

7              **MR. HOROWITZ:**  First of all, I find it interesting,

8    because I think I heard the government agree that she is

9    mentally incompetent.

10             **MR. DELAHUNTY:**  No, I said she's representing that.

11             **MR. HOROWITZ:**  All right, well --

12             **MR. DELAHUNTY:**  Or asserting that.  The government

13   has filed papers in opposition to that.

14             **MR. HOROWITZ:**  So the government, in front of Judge

15   Koh, is saying that she's competent.  In front of you, they're

16   saying she's incompetent.  So I think the government's

17   position, while understandable, is technically inconsistent.

18   I don't think that changes your position, since you're watching

19   out for the overall picture.  So let me address your more

20   important concerns.

21             When I called her office, I don't get the previous

22   voice mail where you get to push 1 and reach her staff.  It

23   just rolls over to a voice mailbox.

24             She has indicated that she has taken medical leave

25   of absence, which our officer can check and verify, if she has

1   the time to do it, or require some proof of it from Dr. Ganesh.

2          I'd be happy if she's not treating patients.

3   I think that she needs time to sort of recoup mentally and

4   emotionally and physically.

5          There's no claims of malpractice, there are no

6   claims of patient mistreatment.  The Medical Board of

7   California is apparently aware of these charges, if not the

8   mental issues, and they've not taken any action.  That's all

9   I can say.

10          **THE COURT:**  All right, thank you.

11          Mr. Delahunty, anything further?

12          **MR. DELAHUNTY:**  That's another careful answer.

13   I feel like it doesn't answer the question.  All the government

14   would like to know, before asking for modifications, is

15   Dr. Ganesh, right as we speak, still seeing patients and does

16   she plan to?

17          If the representation is affirmative that she is not

18   and unequivocal, then that will really dictate my request, if

19   there is one.  I feel it's unclear, still, whether Dr. Ganesh

20   is seeing patients.

21          Has she taken a leave of absence?  Is that the

22   representation?  I mean, if so -- well, I'll take moment to

23   confer.  I'd like some clarification before I move for anything

24   further.

25          **THE COURT:**  And if not, then what would be your

1   request?  What should the Court do?

2           **MR. DELAHUNTY:**  That's a good question, your Honor.

3   I think, depending on how much care and the type of care and

4   the decisions that are being made, we may seek modification

5   that limits the defendant's ability to hold a fiduciary

6   position.

7           But it's hard for me to -- I don't want to speculate

8   on that, but I think that is a -- would be an appropriate

9   condition of supervised release, but I'm not advocating for it

10  yet because if the representation is true, then there is no

11  public safety issue here.

12          **THE COURT:**  Yeah, and just let me back up.  We've

13  covered this in prior hearings, but the basis for the Court's

14  and Pretrial Services' concerns are, of course, on a release,

15  the concerns are a risk of not coming to court when ordered,

16  and also danger to the community or any person in the

17  community; and the second prong would be the concern, from the

18  current release conditions, if there's a danger to patient

19  safety, and if it's just an administrative concern, that

20  probably doesn't rise to a level of a danger to community

21  safety, but if it's more than that, I understand that's your

22  concern, that's why the Court might get involved.

23          And the challenge I am thinking about from an

24  evidentiary perspective is that there's an ongoing dispute

25  between the parties, the government and defense, before Judge

1    Koh about her competence.  So it's not been established one way

2    or the other at this moment.  It might be established through

3    that proceeding, and that's an evidentiary proceeding where

4    there might be examination and expert reports, and that's going

5    to be resolved soon, and presently you're taking, as

6    Mr. Horowitz points out, different positions in that

7    proceeding, and you might continue to take different positions

8    and might even modify your positions, depending on what the

9    evidence shows.

10              So -- let me just say, so I'm a little cautious to

11   compel Dr. Ganesh to testify in some way, either herself or

12   through Mr. Horowitz, at this point in the proceedings, given

13   it's going to impact -- it's very directly going to be part of

14   what's occurring in the competency proceeding.

15              So that's my hesitation to sort of compel an answer

16   to your question, even though, on the other hand, it does seem

17   to go to community safety.  So that's an inquiry that I should

18   be making, whether you want me to make it or not.

19              **MR. DELAHUNTY:**  Yeah, I think, just to clarify a

20   couple of things, the government is not equivocating its

21   position.  We don't --

22              **THE COURT:**  I'm not saying you're equivocating.  I'm

23   saying that the two parties have taken different positions.

24              **MR. DELAHUNTY:**  Oh, I would agree on one party.

25              **THE COURT:**  They're moving, by the motion, asserting

1    that she's not competent and the government has responded,

2    asserting that you think that she is.

3              **MR. DELAHUNTY:**  Yes.

4              **THE COURT:**  So that has not been resolved.  One of

5    you is going to be determined to be correct by Judge Koh.

6              **MR. DELAHUNTY:**  Fair enough.

7              **THE COURT:**  But it's not -- I could be in a position

8    here of making a determination on that question before there's

9    been a hearing before Judge Koh where she's actually going to

10   weigh the evidence and make that determination.

11             So my concern is that I could be either preempting

12   her or impacting the results of that process by compelling an

13   answer to your question here in this court.

14             **MR. DELAHUNTY:**  I understand.  Thank you, your

15   Honor, for clarifying that.  And what I would say to that is,

16   I think the government can take the position that Dr. Ganesh is

17   competent, but still there would be an issue of public safety.

18   It's not one and the same standard.  A doctor that's barely

19   legally competent, or mostly legally competent, may still

20   endanger her patients by seeing those patients.

21             I think -- and I also am not asking nor do I think

22   the Court should demand that Dr. Ganesh testify, although

23   I think we can rely upon the representation of her attorney,

24   who says he knows, quote, "everything" about this, whether or

25   not she's seeing patients, and if the representation in court

1    today is that Dr. Ganesh has ceased to see patients, then that

2    will affect the government's position.

3            And to your Honor's question of whether this will

4    dictate the competency hearing, respectfully, I don't think it

5    will.  I think this Court has before it just the conditions

6    of -- whether to modify conditions of Dr. Ganesh's release.

7    That's not a competency standard.  It's a separate body of law.

8    I don't think it necessarily entails that she's competent or

9    incompetent how the Court rules today on whether there's a risk

10   to patients.

11           **THE COURT:**  The question is on what factual basis --

12   if I, in any context, if I made an order that somebody cannot

13   be employed or if I said you can't practice in that job or that

14   profession, there would need to be a factual basis for that

15   decision.  That's a restriction on liberty, and the question

16   would be, what facts would it be based on.  What would you say

17   to that?

18           **MR. DELAHUNTY:**  The facts are -- and I think this at

19   various report -- the defendant has asserted that she is

20   legally incompetent, and that means that her mental abilities,

21   in her view -- this is her position -- are such that she

22   doesn't even understand the word "guilty."

23           Now, at the same time, the defendant's taken the

24   position that she can see patients and diagnose them and

25   prescribe medications and refer them to specialists, but when

1    it's convenient, can't understand the words "guilty," "not

2    guilty," "attorney," "judge," "jury."

3              So just if we take the defendant at their word for

4    today's purposes -- and I'm not taking them at their word for

5    purposes of the competency hearing -- that type of person poses

6    a risk to the public for practicing modes.

7              Now, the legal insanity assertion is also

8    (incomprehensible).  The defendant has asserted that in the

9    past, during the time of charged conduct, she was legally

10   insane, but now is also asserting that she can see patients.

11             So the factual basis is just the defendant's

12   assertions that --

13             **THE COURT:**  I'm not sure that she's asserting that

14   she should see patients right now.

15             **MR. DELAHUNTY:**  No, that she has asserted that she

16   was legally insane in the past, and is currently incompetent,

17   and I don't -- from the government's perspective, if a person

18   doesn't have those mental abilities, they are risking public

19   safety by seeing patients, prescribing medications, referring

20   specialists and just diagnosing illnesses.  That's the factual

21   basis, your Honor.

22             **THE COURT:**  There are other parts to practicing

23   medicine or to having a medical practice potentially than

24   prescribing medicines and seeing patients, and I am not --

25   I don't have a precise image in my mind of what the state

1    licensing authorities, when they give someone a license to

2    practice, what all the different responsibilities are.  I'm

3    just thinking about the precision of what the government is

4    seeking and what I might order.

5              So is it the prescribing of medicine and the

6    practicing -- when you say, "practicing medicine," is the scope

7    of what you think would protect the community, or is there some

8    different -- something different than that?

9              **MR. DELAHUNTY:**  I have a good idea.  I'd just like a

10   moment to confer with co-counsel, your Honor.  Thank you.

11             **THE COURT:**  Yes.

12                       (Pause in proceedings.)

13             **MR. DELAHUNTY:**  Thank you, your Honor, for that

14   moment to confer.  It's hard right now for the government to

15   take a concrete position basically because we still haven't

16   gotten a clear representation of what Dr. Ganesh does, but my

17   understanding is that she, at least until very recently, maybe

18   still is seeing patients, and I think providing any type of

19   care when the defendant's mind set is as she represents it to

20   be poses a public safety risk.

21             Now, I don't know if there's aspects of being a

22   doctor that don't involve seeing patients --

23             **THE COURT:**  An example would be medical billing.  If

24   she saw a patient three months ago, can she, or someone on her

25   behalf, send a bill or insurance communication about that?  Is

1    that practicing medicine?  It doesn't to me have the same

2    direct connection to a patient's safety, but maybe it counts as

3    practicing medicine, and if you don't have a medical license,

4    you can't do that.  I don't know the answer.

5              MR. DELAHUNTY:  I see that distinction, your Honor.

6    I think the government wouldn't have a concern if there was a

7    part of the practice that didn't involve either physically

8    seeing a patient, consulting with them or prescribing something

9    or an over-the-phone referral.

10             And again, this may all be moot, because I note,

11   I still don't know for sure whether or not Dr. Ganesh is doing

12   anything at her practice, but, you know, if she is, that's the

13   government's request.

14             THE COURT:  All right.  Mr. Horowitz, I have read

15   the papers on the competency proceeding, and I share government

16   counsel's concerns about the impact on potential patient

17   safety, not on the administrative part of being a -- but on --

18   if what's asserted is accurate as to her current state of mind,

19   I have concern for those patients.

20             And I said before, and I recognize that there's a

21   whole regulatory body, multiple regulatory bodies that are

22   actually experts on regulating the practice of medicine, and

23   I'm not that person.  At the same time, the Bail Reform Act

24   says I'm supposed to be looking out for community safety for

25   those charged with crimes that are on release, and it seems

1    like I'm maybe putting my head in the sand if I ignore the

2    things I've read.

3            What do you think of my, at least, temporary measure

4    of barring her prescription of medicines and patient care until

5    the competency proceeding is over at least, and some of these

6    evidentiary issues are resolved?

7            **MR. HOROWITZ:**  I mean, I have such respect for you

8    not only as a judge but how you've treated my client.  I have

9    to put that first.  I would like to correct a few things, and

10   you've read the papers.

11           I'm not saying she was insane, didn't know the

12   nature and quality of her acts at the time of these offenses,

13   although I don't take that off the table.  I'm not sure what

14   she did -- whether she understood what she did with billing

15   was, in fact, what we might call, you know, upcoding.  So maybe

16   that is an insanity defense, if you don't understand that what

17   you're doing is a crime.  Maybe counsel's correct.

18           Much of our defense was diminished capacity, her

19   inability to really conform her behavior or understand the

20   implication of her behavior, which is a milder variation, more

21   like a flu as opposed to what he's describing as a terminal

22   illness.

23           It is a major -- and this is where now I diverge

24   from being agreeable -- my concern is not that you're wrong and

25   that it's good for her not to treat patients, and it's my

understanding that's not going on, although I'm not -- I mean,
when I called her office, for example, today, it just went to
an answering machine.

So I'm just concerned about the implications of your
order to her, because when she's restored to sanity or to
competence, which undoubtedly someday she will be -- both their
doctor and our doctor think that that will happen -- I'm afraid
that a court order of this type might damage her.

If the Court would issue the order, I would ask that
it be phrased in terms -- not as conclusions that she's not
competent, but in terms of an abundance of caution or in ways
that would reasonably protect the public until it's determined,
so there are no findings in which you issued that would hurt
her in front of the Medical Board should we win this case and
so on.

**THE COURT:**  All right, and Officer Do, any further
ideas about what I should do in this situation?

**PRETRIAL SERVICES OFFICER:**  Your Honor, obviously,
I'm not an expert in competency and the other issues.  However,
I anticipate that on the Pretrial side, if this information was
brought to us, say, from the beginning, let's say from a post
bail, in which a defendant (inaudible) to have mental health
illness or issues, and we know that at that time they were
seeing patients or dealing in a health field, I believe that we
would probably recommend a condition that they do not work in

1    that kind of setting at this time.

2              We've had other incidents in the past with different

3    defendants where we've made recommendations, have done that

4    particular job, employment, delete (phonetic), whether it be

5    dealing with a financial institution because of a risk of

6    financial danger or an individual that has described suicidal

7    ideations, we have made conditions and modifications according

8    to what they have expressed, and that is without actually

9    confirming if whether their expressions are true or not true,

10   that we're basing it off of what the defendant is pleading.

11             So at this time, if the defendant is stating that

12   she has a competency issue at hand, then we don't believe that

13   it's unreasonable to have a condition that states that

14   defendant shall not practice whatever it is that the Court

15   feels is appropriate, without needing to dive too deep into the

16   cause or reason, just as a condition that the defendant shall

17   not practice whatever kind of employment, and then not have to

18   actually give a reason behind that, because other conditions we

19   had in the past have been, you know, a defendant shall not

20   practice giving test claims (phonetic) for other individuals,

21   and we haven't had to explain why that condition is in place,

22   that that's a condition they had on the order.  So I believe

23   that's appropriate at this time for this condition, with this

24   defendant.

25             **THE COURT:**  All right, Mr. Horowitz, it's not your

1    burden, and Dr. Ganesh has, of course, a right to remain silent

2    as well as to consult with you, but I want to make sure I've

3    given her to review every opportunity to present any evidence

4    on the record that would suggest that I shouldn't limit

5    temporarily her practice of medicine, and that's because I see

6    that as being a significant event and restriction on her

7    liberty, and I don't want to do that without having given her a

8    full opportunity to -- you know, it's not her burden to present

9    information if there is some, and you've given by proffer some

10   information today about your investigation, but I don't think

11   that fully answers the questions about what she's presently

12   doing and why it might be safe.

13         I mean, it may be that theoretically she's been

14   providing perfectly good patient care for the last month, and

15   you can come forward with evidence saying that here's what

16   she's done and it's totally proper and she can continue.

17   I don't have the record before me to evaluate.

18         Another observation.  Some of the assertions of

19   present incompetence are based contextually on coming to court,

20   being in court, and her reaction to the charges in the case,

21   and so they were of a very legal nature.  Of course, her

22   practice of medicine is in a different context, and I just

23   don't know if it has overriding -- if that competence asserted

24   has overriding impact on her practice of medicine or if these

25   are two different settings and in one she's very different than

1   she is here in court.  I don't know the answer to that.  That's

2   what I'm struggling with.

3        **MR. HOROWITZ:**  If she did testify, I think you would

4   hear that she doesn't want to be practicing at this point.

5   Certainly, I have records that I'll be producing tomorrow to

6   the government where Dr. Levinson, her psychiatrist, thinks she

7   should be stepping back from the practice, which is why in my

8   response I focus on the order being framed in a way that's

9   nonjudgmental in the long term and focuses on the competency

10  hearing in front of Judge Koh.

11       **THE COURT:**  All right.  Thank you all for your

12  thoughts and recommendations.  Having considered all that, I am

13  going to modify release conditions to limit Dr. Ganesh's

14  professional employment activities.  I'll put this in writing

15  so that the parties will have the benefit of it, and it's not a

16  judgment on her competence, it's not a conclusion of the

17  competency hearing, which is ongoing, but in the interests of

18  community safety, based on the facts and representations of the

19  defense in their papers on her present competence -- I'm not

20  talking about -- actually, it might have been a year ago,

21  because I don't think that's really the point today, about how

22  it might impact the patients' safety, but that is part of the

23  overall record.

24       Dr. Ganesh, I'm going to order that you may not

25  prescribe medicine, may not practice medicine, and may not

1    provide patient care until further court order, and at the

2    conclusion of the competency hearing or upon request for

3    further hearing, the parties can come back and we can revisit

4    whether those restrictions should be modified or lengthened in

5    some way.

6            If that's -- if the government takes a view that

7    that's not sufficient down the road, I'd consider additional

8    restrictions, but based on what I've heard and my understanding

9    of medical practice, I think those restrictions are targeted at

10   patient care and protection, and if there are other parts of

11   her practice that are not covered by those restrictions, that's

12   why I'm not reaching those.

13           And if you read what I write and you find that it's

14   imprecise and needs further clarification, I'm happy to do

15   that.  I have not written an order like this before.  I'm not

16   aware of an order prohibiting a doctor from practicing in this

17   way.  So if we can do it better, give me guidance on how to do

18   it better.

19           My suggestion is we not schedule a further hearing

20   here until after the competency proceeding.  So I'll leave it

21   to your joint recommendation as to whether we might reconvene.

22   I'm here, of course, all the time in August and will be

23   available at later points to address that.

24           Anything else we should do today?

25           **MR. HOROWITZ:**  I do have a question.

1          **THE COURT:**  Yes.

2          **MR. HOROWITZ:**  I have the Stanford medical records

3     for the admission, but I don't want them going to the

4     government.  I do want them going to our pretrial officer.

5     What is the Court's and counsel's position?

6          **MR. DELAHUNTY:**  We clearly object to that.  If it's

7     part of the record, it's part of the record.

8          **THE COURT:**  The question is what part of the record,

9     sort of what it's for and what it's being used for.  As far

10    as -- again, if it's part of the competency proceeding, then my

11    feeling is that that's really for Judge Koh to decide how it's

12    going to be used, --

13         **MR. DELAHUNTY:**  Sure.

14         **THE COURT:**  -- who is going to access it, and you've

15    had some briefs already back and forth about the privilege and

16    what might be admissible in that proceeding, and my preference

17    is for the parties to bring it up before Judge Koh if it's

18    going to be used in the competency proceeding.

19              As it's used for here, one issue which I'm going

20    to -- based on the proffers, I'm going to excuse Dr. Ganesh's

21    previous nonappearance, because Mr. Horowitz was here and

22    explained at the time why she wasn't here.  So I'm excusing

23    that.

24              I don't need to see those records now, because I've

25    ordered what the government is seeking, which is to modify the

1   conditions of release exactly as you've requested.  So unless

2   there's more that you want me to do, I don't know that I'm

3   going to order you to see those records in this -- for this

4   hearing, since it's the end of the hearing.

5          MR. DELAHUNTY:  I guess, your Honor, the issue is,

6   the government's made some recommendations and the conditions

7   have been modified.  Those are primarily based on public

8   safety.  I'll note that the defendant has had -- missed a

9   couple of court appearances, one of which is there is a proffer

10  as to why but, you know, we don't know much more beyond that.

11  If there's records that can substantiate that, that if it

12  really was as represented, the government may not think that

13  further conditions should be modified, but we don't know.

14         So I think that looking at the records would inform

15  our ability of whether or not we need another bail review

16  hearing, whether we shouldn't further modify the conditions, if

17  there is really a flight risk here, or non-appearance risk.

18         I just -- I'd like to see the records, to see if we

19  need to further request modifications in their present....

20         THE COURT:  Okay.  There's quite a bit of precedent

21  in the district when it comes to mental health issues, and I'm

22  thinking primarily of child exploitation cases where there are

23  mental health records that are compelled from the defense and

24  are provided to Pretrial Services and to the Court and not to

25  the government, unless they become part of the merit

1   proceedings in some way at the initial stages.

2            I view this as being in the same category, which is,

3   I don't think it goes to the merits of the case, because it's

4   current situation, not what her mental health was a year ago.

5   At least that's my understanding.

6            And you've got a good argument.  You may prevail

7   that argument before Judge Koh that you need these records

8   right now to -- for purposes of competency, but I'm going leave

9   that for her to decide, and I'll put a flag in my order

10  bringing this to her attention so that she knows that you've

11  asserted the right to review the records from the defense, and

12  she may agree with you that she and you need to see them as

13  part of that proceeding or she may not, but I can't un-ring the

14  bell.  If I order you to look at these documents right now and

15  she says that that was an error, I probably am creating a

16  bigger problem both for you --

17            **MR. DELAHUNTY:**  I understand.

18            **THE COURT:**  -- and for me than it would be if she

19  ordered it.

20            **MR. DELAHUNTY:**  Understood.

21            **THE COURT:**  Good.

22                       (Pause in proceedings.)

23            **MR. DELAHUNTY:**  Your Honor, your point's well taken,

24  and I just -- and I'm not going to continue to request these

25  documents.  I will note, just to clarify, I think the reason

1    that we're interested is for bail review purposes, not

2    competency.  I think it sheds light upon the defendant's

3    ability to show up to court and whether she had a legitimate

4    excuse, but I'll just note, those are just normal medical

5    records.  There's no health care profession.  It's just an

6    admission to the hospital.  But I will not seek those further.

7    I understand the Court's position.

8            One thing I'd just request from your Honor is, I'd

9    like to know what records those are, what date -- are those

10   document that are being discussed and potentially shown to

11   probation the documents from the defendant's admission at Good

12   Samaritan on August 10?  And if that's -- I'd just like to know

13   whether --

14           **THE COURT:**  Here's what I'll modify.  Mr. Horowitz,

15   can I see -- I'm not going to retain, but can I see what

16   records you have, so I can make a notation of -- categorically.

17   Thank you.  For the moment.

18                     (Pause in proceedings.)

19           All right, just to -- thank you -- to categorize the

20   documents, they're medical records from the time period July 21

21   through August 10th, 2017 for Dr. Ganesh.  I've reviewed them.

22   I don't think they are very probative on the competency

23   proceedings, but in an abundance of caution, I'm going to order

24   Mr. Horowitz to provide them to Pretrial, at least a copy of

25   them to Pretrial.  The government does not need to see them,

1    and I have reviewed them.  They don't change my -- the

2    conclusion that I have about the modification of release

3    conditions, but to be clear, they don't add anything to make me

4    think that she's more of a risk of non-appearance than she was

5    before.

6            MR. DELAHUNTY:  Thank you, your Honor, and does your

7    Honor -- just to clarify, what were the dates?

8            THE COURT:  July 21 through August 10th, 2017.

9            MR. DELAHUNTY:  From Good Samaritan?

10           THE COURT:  From Stanford.  He's showing you the....

11           PRETRIAL SERVICES OFFICER:  And your Honor, I just

12   wanted to know, on Pretrial Services' part, with regard to the

13   government's concern, the reason why we need the documentation

14   is to confirm that the defendant had a legitimate reason why

15   she did not go to court, and if she couldn't verify the

16   paperwork, we would have submitted a memo to the Court to

17   notify that.  So --

18           THE COURT:  Having those documents goes to that

19   purpose.  So that's fine, we're going to provide it all to

20   Pretrial, and I think in this context, they also -- there's

21   components to the records which don't go to competency, don't

22   go to likely to appear in court, which are private medical

23   information, and I think, if all other things were being equal,

24   I would probably not order them to be produced to anyone, but

25   it's only in this context where she did not come to court that

1    I'm ordering it being produced to Pretrial Services.

2              All right, thank you very much, again.  Are there

3    any other modifications that the government seeks?

4              MR. DELAHUNTY:  No, with the understanding that all

5    other conditions remain in force and effect, your Honor.

6              THE COURT:  They do.

7              Mr. Horowitz, anything further today?

8              MR. HOROWITZ:  No, nothing further, your Honor.

9              THE COURT:  All right.  So no further dates are

10   scheduled here.  Let's remind Dr. Ganesh of her next court date

11   before Judge Koh.

12             MR. DELAHUNTY:  I believe it's September 5th, your

13   Honor.

14             MR. HOROWITZ:  No, there's one before that, I think

15   the 30th, right?

16             THE CLERK:  August 30th.

17             MR. HOROWITZ:  I have August 30th at 9:15 for both

18   motion and status conference.

19             MR. DELAHUNTY:  Okay.

20             MR. HOROWITZ:  Is that right?

21             MR. DELAHUNTY:  Okay.

22             THE COURT:  All right.  So the next court date is

23   August 30th, 9:15, Dr. Ganesh, before Judge Koh, and time for

24   speedy trial has been excluded through October the --

25             MR. DELAHUNTY:  Twenty-third, your Honor.

1          **THE COURT:**  -- 23rd.  Very good.  Thanks very much.

2          **MR. HOROWITZ:**  Thank you, your Honor.

3          **THE COURT:**  We're in recess.  Have a good afternoon.

4          **MR. DELAHUNTY:**  Thank you, your Honor.

5                                                          <u>2:29 p.m.</u>

6                              ---o0o---

1

2

3                    **CERTIFICATE OF TRANSCRIBER**

4

5            I, Leo Mankiewicz, certify that the foregoing is a

6   true and correct transcript, to the best of my ability, of the

7   above pages of the official electronic sound recording provided

8   to me by the U.S. District Court, Northern District of

9   California, of the proceedings taken on the date and time

10  previously stated in the above matter.

11           I further certify that I am neither counsel for,

12  related to, nor employed by any of the parties to the action in

13  which this hearing was taken; and, further, that I am not

14  financially nor otherwise interested in the outcome of the

15  action.

16

17  _____  08/31/2017

18           Signature of Transcriber         Date

19

20

21

22

23

24

25