UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VILASINI GANESH and<br>GREGORY BELCHER,<br><br>　　　　Defendants. | Case No. 16-CR-00211-LHK<br><br>**ORDER DENYING DEFENDANT BELCHER'S MOTION FOR RELEASE PENDING APPEAL**<br><br>Re: Dkt. No. 424 |

Before the Court is Defendant Belcher's May 3, 2018 Motion for Release Pending Appeal. ECF No. 424 ("Mot."). The government opposed Defendant's motion on May 4, 2018. ECF No. 426 ("Opp."). For the reasons stated below, the Court DENIES Defendant's motion.

Ordinarily, a criminal defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" must "be detained." 18 U.S.C. § 3143(b)(1). However, a criminal defendant can obtain release pending appeal if she (1) demonstrates by clear and convincing evidence that he does not pose a flight risk; (2) demonstrates by clear and convincing evidence that he does not pose a danger to the community; (3) establishes that his appeal is not for the purpose of delay; and (4) establishes that his appeal "raises a substantial question of law or fact" that is likely to result in "reversal," "an order for a

1   new trial," "a sentence that does not include a term of imprisonment," or "a reduced sentence to a
2   term of imprisonment less than the total of the time already served plus the expected duration of
3   the appeal process."  *Id.* § 3143(b)(1)(B).  The defendant bears the burden of showing that he is
4   entitled to release pending appeal.  *See United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.
5   1985).

6   In the instant case, the government "acknowledges" that Defendant has demonstrated by
7   clear and convincing evidence that Defendant does not pose a flight risk or a danger to the
8   community and that Defendant's appeal is not for the purpose of delay.  Opp. at 3.  However, the
9   government argues that Defendant has failed to satisfy his burden of demonstrating that his appeal
10  "raises a substantial question of law or fact" that is likely to result in either (1) reversal; (2) an
11  order for a new trial; (3) a sentence that does not include a term of imprisonment; or (4) a reduced
12  sentence to a term of imprisonment less than the total of the time already served plus the expected
13  duration of the appeal process.  *Id.* at 3–8.

14  The Court agrees with the government that Defendant has failed to demonstrate that his
15  appeal "raises a substantial question of fact or law."  18 U.S.C. § 3143(b)(1)(B).  As used in §
16  3143(b)(1)(B), "the word 'substantial' defines the level of merit required in the question raised on
17  appeal, while the phrase 'likely to result in reversal [or another outcome]' defines the type of
18  question that must be presented."  *Handy*, 761 F.2d at 1281.  A "substantial question" of law or
19  fact is one that is "fairly debatable."  *Id.* at 1283.

20  In his motion, Defendant identifies four issues that "will be raised on direct appeal" that he
21  argues are "substantial": (1) "[w]hether the source spreadsheets proffered by the government and
22  admitted at trial" violated Defendant's rights under the Confrontation Clause; (2) "[w]hether the
23  government established that [Defendant] acted willfully; (3) "[w]hether the government
24  established the materiality requirement of the statute"; and (4) "[w]hether the loss calculations
25  relied upon for sentencing were proper given [Defendant's] single count of conviction."  Mot. at
26  7–8.  However, the Court does not find that any of the Court's rulings on these issues are "fairly
27  debatable."  *Handy*, 761 F.2d at 1283.

28

1    First, the Court has already twice considered and rejected Defendant's argument that the admission of certain spreadsheets at trial violated Defendant's Confrontation Clause rights.  *See* ECF No. 149 at 5; ECF No. 363 at 19–21.  As explained in the Court's order denying Defendant's motion for judgment of acquittal and/or new trial, the Ninth Circuit "has provided clear and direct guidance on this issue" demonstrating that "even though the spreadsheets in the instant case were prepared specifically for litigation, they were nonetheless admissible as business records because they are merely select portions of claims databases that are themselves business records."  ECF No. 363 at 20–21.  Consequently, the Court does not believe that Defendant's Confrontation Clause objection raises a "fairly debatable" question of law.

Second, with regards to whether there was enough evidence at trial to establish that Defendant's false statement was material and that Defendant acted willfully, the Court has already explained why there was more than enough evidence for a jury to find both materiality and willfulness beyond a reasonable doubt.  *See* ECF No. 363 at 5–16.

Third, Defendant's loss calculation argument is not well-taken.  Defendant argues that "[i]t is well established that the Sixth Amendment protects a defendant from exposure to a longer sentence for an element that is neither admitted nor found by a jury," and therefore "[s]entencing [Defendant] for acquitted offenses violates his Sixth Amendment right to trial by jury." Mot. at 11.  However, Defendant raised this issue at sentencing, and the Court rejected Defendant's argument.  As the Court explained at sentencing, the Ninth Circuit has held that "[t]he use of acquitted conduct at sentencing does not violate the Constitution." *United States v. Mercado*, 474 F.3d 654, 657 (9th Cir. 2007).  Thus, it was not improper for the Court to consider facts not found by the jury beyond a reasonable doubt to determine Defendant's sentence.  Further, the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), did not "abrogate[] the previously prevailing constitutional jurisprudence that allowed sentencing courts to consider conduct underlying acquitted criminal charges." *Mercado*, 474 F.3d at 658.  Neither did *Alleyne v. United States*, 570 U.S. 99 (2013).  *Alleyne* held only that "any fact that increases" a defendant's mandatory minimum sentence "is an 'element' that must be submitted to the jury."

3

United States District Court
Northern District of California

*Id.* at 103.  Here, the Court did not consider any facts for the purpose of increasing Defendant's mandatory minimum sentence.  Instead, the Court determined Defendant's range of imprisonment under the federal sentencing guidelines, which are not mandatory.

In sum, for the foregoing reasons, the Court finds that Defendant has failed to demonstrate that Defendant's appeal will raise any "substantial question[s] of law or fact."  18 U.S.C. § 3143(b)(1)(B).  As a result, Defendant's Motion for Release Pending Appeal is DENIED.

**IT IS SO ORDERED.**

Dated: May 21, 2018

_____
LUCY H. KOH
United States District Judge